IN THE MATTER OF THE SWORN APPLICATION OF JULIA TIENE AND OTHER FREEHOLDERS OF THE CITY OF JERSEY CITY IN THE COUNTY OF HUDSON FOR A SUMMARY INVESTIGATION INTO THE MUNICIPAL EXPENDITURES OF THAT CITY.

SAMUEL A. LARNER, EXPERT, PETITIONER-RESPONDENT, AND CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 6, 1954—Decided December 22, 1954.

See also 17 *N. J.* 170, 110 *A. 2d* 93.

430

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Samuel A. Larner* argued the cause for petitioner-respondent (*Mr. Joseph M. Nolan* of counsel).

*Mr. Mortimer Neuman* argued the cause for respondent-appellant (*Mr. John B. Graf,* attorney).

PER CURIAM. Jersey City appeals from an order of July 23, 1954, expressly determined by the judge below to be a final judgment, by which he granted, as stated in the title of the order, "second interim allowances." The allowances are made for services and disbursements of the expert and his aides, who since April 30, 1953 have been investigating the affairs of Jersey City pursuant to *N. J. S. A.* 40:6–1 *et seq.* The "first interim allowances" were granted by order of January 18, 1954.

█ The city contends that the judge below has no authority to grant interim allowances—that is to say, that no grant of any allowances could lawfully be made until the end of the investigation. *N. J. S. A.* 40:6-2 directs in part:

"The costs incurred in the investigation shall be taxed by the judge, and upon his order be paid by the disbursing officers of the county or municipality whose expenditures may have been investigated."

There is nothing in that statute forbidding the allowances made here. On the contrary the statute charges the Superior Court judge with the authority to fix the costs, *In re Wellhofer*, 18 *N. J. Super.* 197, 203 (*App. Div.* 1952), affirmed 10 *N. J.* 321 (1952), and invests him with a sufficient discretion in that regard, both as to the point stated and as to the amount of the allowances. There clearly is no manifest abuse of discretion here.

█ On the application below, an attempt was made on the part of the city to have the judge fix a "target date" for the termination of the investigation. But this matter is not properly before us; there seems to have been no order entered on the point.

█ Other issues now urged were raised on the application for the "first interim allowances," but they were not brought to the attention of the judge below on this application sufficiently to apprise him that he was then passing on them. *Domestic Fuel Co. v. American Petroleum Corp.*, 6 *N. J.* 538 (1951). They therefore cannot be considered by us now.

Affirmed.